IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:16-913-D

| | |
|---|---|
| FRANCIS X. DE LUCA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS; KIM WESTBROOK STRACH, in her official capacity as the Executive Director of the State Board; and A. GRANT WHITNEY, RHONDA K. AMOROSO, JOSHUA D. MALCOLM; JAMES BAKER and MAJA KRICKER, in their official capacities as members of the State Board of Elections, | ) **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE** |
| Defendants. | ) |

Plaintiff, Francis X. De Luca, by and through undersigned counsel, respectfully submits the following response in opposition to the November 23, 2016 Motion to Intervene filed by League of Women Voters of North Carolina, North Carolina A. Philip Randolph Institute, Common Cause North Carolina, Kay Brandon, Sara Stohler, Hugh Stoler, Anthony Mikhail Lobo, Anna Jaquaya, and Michael T. Kuykendall (hereinafter "Movants"). ECF No. 11. Plaintiff respectfully requests that the Court deny the motion to intervene because Movants do not meet the requirements for intervention under Fed. R. Civ. P. 24.

1

# INTRODUCTION

On November 22, 2016, Plaintiff filed his Complaint for Declaratory and Injunctive Relief, alleging that Defendants are in violation of the National Voter Registration Act, 42 U.S.C. § 1973gg-6, and are in violation of 42 U.S.C. § 1983 by depriving Plaintiff of his right to equal protection of the laws.

Movants seek to intervene as Defendants to oppose Plaintiff's action and to allegedly protect their interests and "to ensure that no voter in North Carolina loses the right to register using same-day registration (hereinafter "SDR") and have his or her ballot counted as a result of Plaintiff's challenge." ECF No. 12 at 1. For the reasons set forth herein, the proposed Intervenors' motion should be denied, not only because they apparently misconstrue the relief sought by Plaintiff, which if granted would in no way cause anyone to lose the right to register to vote using SDR or to have their lawfully cast ballots not counted, but also because any interest the proposed Intervenors may have will be fully and adequately represented the existing Defendants.

## I. INTERVENTION AS OF RIGHT

### A. Legal Standard

Under Federal Rule of Civil Procedure 24(a)(2), intervention is available as a matter of right if, by timely motion, the movant can show (1) an interest relating to the property or transaction that is the subject of the action; (2) that it is so situated that disposing of the action, as a practical matter, may impair or impede its ability to protect its interest; and (3) that its interest is not adequately represented by existing parties to the litigation. Fed. R. Civ. P. 24(a)(2); *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013). All of these criteria must be met before intervention

of right is appropriate. *See Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (intervention of right was properly denied because the State of Virginia's interests in the litigation were adequately represented by the plaintiffs); *see also Gould v. Alleco, Inc.,* 883 F.2d 281, 284-85 (4th Cir. 1989) (potential creditors did not have an interest sufficient to justify intervention of right). In addition, "a would-be intervenor bears the burden of demonstrating to the court a right to intervene." *In re Richman*, 104 F.3d 654, 658 (4th Cir. 1997).

To meet the criteria for intervention of right, the movant must demonstrate an interest in the litigation that is "'significantly protectable.'" *Teague v. Bakker,* 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). "[A] general interest in the subject matter of pending litigation does not constitute a protectable interest within the meaning of Rule 24(a)(2)." *Dairy Maid Dairy, Inc. v. United States*, 147 F.R.D. 109, 111 (E.D. Va. 1993). Rather, the interest "must bear a close relationship to the dispute between the existing litigants and therefore must be direct, rather than remote or contingent." *Id.*

This standard is distinct from, but related to, the test for establishing standing pursuant to Article III of the Constitution. *See Stuart*, 706 F.3d at 351 (discussing the "related standing context" in evaluating a request for intervention). To establish Article III standing, a party must demonstrate that it has (1) suffered an injury in fact; (2) which was caused by the conduct at issue; and (3) which will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Similar to the standard for a protectable interest under Rule 24(a)(2), standing doctrine requires a party to show an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations and internal quotation marks omitted)).

3

Even if it is able to demonstrate a sufficient interest in the litigation that may be impaired or impeded, a prospective intervenor must further show that its interest is not adequately represented by existing parties to the litigation. Furthermore, "[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the [movant] must demonstrate adversity of interest, collusion, or nonfeasance." *Westinghouse Elec. Corp.*, 542 F.2d at 216. That presumption is stronger where a government agency represents the interests of the putative intervenors; in such a situation, an "exacting showing of inadequacy" is required. *See Stuart*, 706 F.3d at 352.  see also *Ligas v. Maram,* 478 F.3d 771, 774 (7th Cir. 2007) ("[W]hen the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to adequately represent their interests unless there is a showing of gross negligence or bad faith.").

As discussed further below, Movants cannot demonstrate that they have a significantly protectable interest that would be impaired by the resolution of this case or make the "strong showing of inadequacy" of representation necessary for intervention as of right in this case. *See Stuart*, 706 F.3d at 349; *id.* at 352 (finding no right to intervene for appellants who shared with defendant North Carolina the same ultimate interest in upholding the challenged statute); *Westinghouse Elec. Corp.,* 542 F.2d at 216.

### B. Movants are not Entitled to Intervention as of Right

Movants do not and cannot identify any cognizable interest in the subject matter of this case, and any interest they purport to have is adequately represented by the existing parties. Therefore, they cannot meet the standard to intervene as of right under Rule 24(a).

4

Case 5:16-cv-00913-D   Document 16   Filed 11/28/16   Page 4 of 8

Based on the allegations in their memorandum in support of their motion to intervene, ECF No. 12, Movants do not "stand to gain or lose by the direct legal operation" of a judgment in this case and therefore do not have a significantly protectable interest. *See Teague*, 931 F.2d at 261.. Their purported interests are based on allegations that the "Plaintiff's requested relief would result in disenfranchisement of potentially hundreds or thousands of eligible North Carolina voters." ECF No. 12 at 2. This is simply false. Plaintiff merely seeks an order from this Court requiring Defendants to take two actions: (1) to wait until the mail verification process under N.C. Gen. Stat. § 163-82.7 is completed for all SDR ballots before including them in the final statewide vote count in North Carolina, and (2) to ensure that SDR ballots that failed the mail verification process are not included in the final statewide vote count. Under either scenario, the ballots of every eligible SDR voter who otherwise complied with all applicable legal requirements for registration will be counted, and any SDR votes that are not counted will only be those votes cast by people who failed to comply with the mail verification process required by N.C. Gen. Stat. § 163-82.7. A voter's unfamiliarity with the legal requirements for completing the voter registration process does not excuse compliance with those requirements. As a result, there will be no "disenfranchisement" of any eligible voter who has complied with all applicable legal requirements for registration.

Further, even if they had a protectable interest, Movants are not entitled to intervene as of right because the existing Defendants – the North Carolina State Board of Elections, the Executive Director of the Board, and the individual Board members – can and will adequately represent the interests of the Movants. As the governmental body charged with overseeing the administration of voter registration and elections in North Carolina, there is a strong presumption that the Board will adequately represent the Movants' interests in this matter. *See Stuart*, 706

5

F.3d at 352. The Movants' allegations that "Defendants' interests and interpretation of the Fourth Circuit's decision in *LWV* and the NVRA also may not be aligned with those of proposed Defendant-Intervenors" (ECF No. 12 at 12) are clearly insufficient to overcome this presumption. Movants have not and cannot show an "exacting showing of inadequacy" on the part of the Defendants, nor can they show any gross negligence or bad faith, all of which is required to intervene as of right in this matter. As a result, the Movants' motion must be denied.

## II. PERMISSIVE INTERVENTION

### A. Legal Standard

A movant may also seek permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). A court may permit intervention upon timely motion when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Although permissive intervention is discretionary, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). This Court should not permit Movants to intervene under Rule 24(b), as their alleged claims do not share a common question of law or fact with those that the parties bring here, and their intervention would unduly delay the proceedings.

### B. Movants are not Entitled to Permissive Intervention

The Court should deny permissive intervention for the same reason that intervention as of right should be denied: because the existing Defendants adequately represent any interest the Movants have in this case. With their interests already presumed to be adequately represented, there is simply no legitimate reason to allow Movants to participate as parties to this action. At most, the Movants have an opportunity to file an a*micus* brief in this action, which would be a more reasonable way for them to articulate their arguments. Regardless, the fact that Movants'

6

interests are already adequately represented by the existing governmental Defendants as a matter of law dooms their effort to intervene permissively. *See Menominee Indian Tribe v. Thompson,* 161 F.R.D. 672, 678 (W.D. Wis. 1996) ("[W]hen intervention of right is denied for the proposed intervenor's failure to overcome adequate representation by the government, the case for permissive intervention disappears.").

### III. CONCLUSION

For the foregoing reasons, the Court should deny Proposed Intervenors' Motion to Intervene.

This the 28th day of November, 2016.

        Respectfully submitted,

        By: /s/ Josh Howard
        Josh Howard
        NC Bar No. 26902
        115 ½ West Morgan Street
        Raleigh, NC  27601
        (919) 521-5878
        Fax: (919) 882-1898
        jhoward@ghz-law.com

        BOWERS LAW OFFICE LLC
        By: /s/ Karl S. Bowers, Jr.
        Karl S. Bowers, Jr.*
        Federal Bar #7716
        P.O. Box 50549
        Columbia, SC 29250
        (803) 260-4124
        Fax: (803) 250-3985
        butch@butchbowers.com
        *appearing pursuant to Local Rule 83.1(d)

        *Attorneys for Plaintiff Francis X. De Luca*

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing MEMORANDUM by direct email delivery as follows:

    Joshua Lawson
    General Counsel
    NC Board of Elections
    441 N. Harrington Street
    Raleigh, NC 27603


I hereby certify that I have this day served a copy of the foregoing MEMORANDUM through the electronic service function of the Court's electronic filing system, as follows:

    Allison Jean Riggs
    Southern Coalition for Justice
    1415 West Highway 54, Suite 101
    Durham, NC 27707

    Anita S. Earls
    Southern Coalition for Justice
    1415 West Highway 54, Suite 101
    Durham, NC 27707


This the 28th day of November, 2016.

                                                /s/   Josh Howard
                                                Counsel for Plaintiff