IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FRANCIS X. DELUCA,<br><br>               Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; KIM WESTBROOK STRACH, in her official capacity as Executive Director of the State Board; and A. GRANT WHITNEY, RHONDA K. AMOROSO, JOSHUA D. MALCOLM, JAMES BAKER, and MAJA KRICKER, in their official capacities as members of the State Board of Elections,<br><br>               Defendants. | No. 5:16-cv-913 |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS

      Proposed Defendant-Intervenors League of Women Voters of North Carolina, North Carolina A. Philip Randolph Institute, Common Cause North Carolina, Kay Brandon, Sara Stohler, Hugh Stohler, Anthony Mikhail Lobo, Anna Jaquays, and Michael T. Kuykendall file this reply memorandum pursuant to Local Rule 7.1(f)(1) of the Eastern District of North Carolina to briefly respond to matters initially raised in Plaintiff's Memorandum in Opposition to Motion to Intervene, Nov. 28, 2016, ECF No. 16.

      1.      Plaintiff asserts that "any SDR votes that are not counted will only be those votes cast by people who failed to comply with the mail verification process required by N.C. Gen. Stat. § 163-82.7." Pl.'s Mem. in Opp'n. to Mot. to Intervene 5, Nov. 28, 2016, ECF No. 16. This statement implies that the mail verification process is something that voters must take some

action to comply with when, in fact, legal voters who live at the address where they registered can fail mail verification for a number of reasons that are completely outside of their control. As the circumstances of individual proposed Defendant-Intervenors Lobo, Jaquays and Kuykendall illustrate, an Order in this case granting the relief that Plaintiff seeks in his Amended Motion for a Preliminary Injunction, Nov. 23, 2016, ECF No. 9, would result in their votes legally cast in the November 8, 2016 general election not being counted. That constitutes direct, irreparable harm that they might experience as a result of this litigation and gives them a legal interest to protect.

2. Plaintiff asserts that intervention should be denied because the North Carolina State Board of Elections will adequately defend the rights of proposed Defendant-Intervenors. Pl.'s Mem. 5-6. However, upon information and belief, Defendants may take no position on the legal issues in the case and instead instruct their counsel simply to advise the court of any administrative or practical issues that might arise from any particular action of the Court. The Court should not deny proposed Defendant-Intervenors the right to intervene based on a mere assumption about what position Defendants will take in the litigation.

Therefore, the Court should grant proposed Defendant-Intervenors' request to intervene as of right or, alternatively, with the Court's permission.

Respectfully submitted this 28th day of November.

/s/ Anita S. Earls_____
Anita S. Earls (N.C. Bar No. 15597)
Allison J. Riggs (N.C. Bar No. 40028)
Emily E. Seawell (N.C. Bar No. 50207)
Southern Coalition for Social Justice
1415 W. Highway 54, Suite 101
Durham, NC  27707
Phone: 919-323-3380
Facsimile: 919-323-3942

## CERTIFICATE OF SERVICE

I certify that on this day I filed the foregoing **Reply Memorandum in Support of Motion to Intervene as Defendants** with the clerk's office via the CM/ECF system, which will send notification of filing to the following counsel of record:

Karl S. Bowers, Jr.
P.O. Box 50549
Columbia, SC 29250
Telephone: 803-260-4124
butch@butchbowers.com

Joshua Brian Howard
Gammon, Howard & Zeszotarski PLLC
115 ½ West Morgan Street
Raleigh, NC 27601
Telephone: 919-521-5878
jhoward@ghz-law.com

This the 28th day of November, 2016.

/s/*Anita S. Earls*
Anita S. Earls

*Counsel for Proposed
Defendant-Intervenors*