IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FRANCIS X. DELUCA,<br><br>              Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; KIM WESTBROOK STRACH, in her official capacity as Executive Director of the State Board; and A. GRANT WHITNEY, RHONDA K. AMOROSO, JOSHUA D. MALCOLM, JAMES BAKER, and MAJA KRICKER, in their official capacities as members of the State Board of Elections,<br><br>              Defendants,<br>and<br><br>LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE, COMMON CAUSE NORTH CAROLINA, KAY BRANDON, SARA STOHLER, HUGH STOHLER, ANTHONY MIKHAIL LOBO, ANNA JAQUAYS, and MICHAEL T. KUYKENDALL,<br><br>              Defendant-Intervenors. | No. 5:16-cv-913 |

**DEFENDANT-INTERVENORS' MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS**

Pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, League of Women Voters of North Carolina, North Carolina A. Philip Randolph Institute, Common Cause North Carolina, Kay Brandon, Sara Stohler, Hugh Stohler, Anthony Mikhail Lobo, Anna Jaquays, and Michael T. Kuykendall ("Defendant-Intervenors") respectfully submit this Memorandum in Support of their Motion to Dismiss Counts One and Two of Plaintiff's Complaint. Counts One and Two in

1

the Complaint must be dismissed because the Fourth Circuit Court of Appeals has already upheld North Carolina's same-day-registration process in *NC NAACP v. McCrory*, 831 F.3d 204, 237 (4th Cir. 2016). Moreover, Plaintiff fails to state a claim upon which relief can be granted because the North Carolina statutory scheme for handling the voter registrations and votes that Plaintiff challenges meets the National Voter Registration Act's ("NVRA") reasonable effort requirement. Additionally, because the election for which Plaintiff is challenging registrations and votes has already concluded and is pending imminent statewide certification, no relief could be granted consistent with the principles outlined by the United States Supreme Court in *Purcell v. Gonzalez*, 549 U.S. 1 (2006). Finally, the relief sought by Plaintiff would itself violate the Equal Protection Clause of the Fourteenth Amendment because it would treat same-day registrants differently than regular registrants, resulting in the disenfranchisement of same-day registrants and not regular registrants who similarly have verification mailings returned. Therefore, this Court should grant this motion and dismiss both Counts in Plaintiff's Complaint.

## STATEMENT OF THE CASE

On August 12, 2013 North Carolina Session Law 2013-381 was enacted, which, *inter alia*, eliminated same-day registration in North Carolina. That law was immediately challenged, and litigated thoroughly over the course of three years. Parties to that litigation included the same Defendants in this action, and many of the Defendant-Intervenors were plaintiffs in that action challenging the repeal of same-day registration. *NC NAACP v. McCrory,* 831 F.3d 204, 237 (4th Cir. 2016) (hereinafter, "*NC NAACP*") (three consolidated Voting Rights Act and equal protection challenges to North Carolina's Voter Information Verification Act of 2013). On July 29, 2016, the Fourth Circuit ordered Defendant State Board of Elections and others to reinstate North Carolina's same-day registration process, which permits unregistered voters to vote and

cast a ballot at the same time during the early voting period. *NC NAACP*, 831 F.3d at 217. The Fourth Circuit considered in its decision that North Carolina uses a mail verification process to determine that same-day registrants are qualified voters and to finalize their voter registrations. *See id.* As part of this process, the county board of elections makes an initial determination on whether the voter is qualified and then, for all voters initially determined to be qualified, sends a *nonforwardable* mailing to the address listed on the voter registration form. N.C. Gen. Stat. § 163-82.7(c). North Carolina uses the same general mail verification process for all registrants, regular or same-day, but with same-day registrations, the first mailing is required to be mailed out within 48 hours of the registration. *See* 2007 N.C. Sess. Laws 253, § 1. If the first mailing is not returned as undeliverable, the county board completes the voter's registration, and that voter is a verified voter. § 163-82.7(d). If the first mailing is returned as undeliverable, a second notice is sent via nonforwardable mail. § 163-82.7(e). If the second mailing is not returned as undeliverable, the county board completes the voter's registration, and that voter is a verified voter. *Id*. If the Postal Service returns as undeliverable the second notice sent by nonforwardable mail, the county board of election shall deny the voter registration application. § 163-82.7(f). However, if a voter votes before the verification process is complete, regardless of whether the voter uses regular registration or same-day registration, the voter is treated as registered for purposes of the instant election, but the statutory list maintenance process is triggered, and the county board of elections sends a *forwardable* confirmation-of-address notice to the address listed on the voter registration form. § 163-82.7(g)(3). If the voter fails to respond confirming his or her address, the voter is removed from the voter rolls. § 163-82.7(g)(1), (3); § 163-82.14(d)(2).

Plaintiff filed the instant equal protection and NVRA challenge to North Carolina's same-day registration process on November 21, 2016, nearly four months after the Fourth Circuit's ruling reinstating the processes outlined above and 13 days after the November 8, 2016, election was conducted. Plaintiff asks this Court to delay certifying the results of the November 2016 general election until county boards of election have sent verification mailings to all voters who used same-day registration and wait fifteen days to determine whether those mailings will be returned as undeliverable. For any returned mailings, Plaintiff then asks that the Court stay certification of the election until a second verification mailing has been sent by *nonforwardable* mail to the same address as the first, and until a second fifteen-day waiting period has elapsed. For any voters whose first and second mailings to the same address are returned as undeliverable after thirty days, Plaintiff asks this Court to order county boards of election to reject their ballots. Plaintiff additionally asks, even for those same-day registrants for whom mailings are not returned as undeliverable and whose registrations are deemed complete under the statutory process, that their ballots not be counted until the thirty-day period has elapsed. There is no statutory basis for such a request.

Defendants have not yet responded to Plaintiff's Complaint by filing an answer or dispositive motion, and Plaintiff has only recently filed a Motion for Preliminary Injunction on November 23, 2016.

On November 29, 2016, Defendant-Intervenors' motion to intervene in this action was granted, and they now move to dismiss Plaintiff's Complaint.

## ARGUMENT

I. **Standard of Review**

4

"When reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true . . . and construes the allegations in the complaint in the light most favorable to the pleader." *Womack v. United Parcel Service, Inc.*, 311 F. Supp. 2d 492, 494 (E.D.N.C. 2004) (citations omitted). As the United States Supreme Court has stated, a plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint's well-pleaded facts, however, must demonstrate that a legal violation is not merely possible but plausible. *See Tobey v. Jones*, 706 F.3d 379, 402-03 (4th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). Indeed, "a plaintiff fails to adequately plead his claim that a defendant acted unlawfully if there exists an obvious alternative explanation for the defendant's conduct that renders the unlawful explanation implausible." *Tobey*, 706 F.3d at 403 (internal quotations omitted); *see also Bufford v. Centurylink*, 759 F. Supp. 2d 707, 708 (E.D.N.C. 2010) ("In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts."). Finally, in evaluating a motion to dismiss, a court may consider documents attached to the complaint and documents incorporated by reference in the complaint and attached to the motion to dismiss. *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("We may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." (internal citations omitted)).

II. **Plaintiff's Counts 1 and 2 Fail to State a Claim Upon Which Relief Can Be Granted**

   a. **The Legality of Same-Day Registration Has Been Established by the Fourth Circuit Decision in** *NC NAACP v. McCrory*

Plaintiff's complaint should be dismissed because it is barred by collateral estoppel. *See Laschkewitsch v. Am. Nat'l Life Ins. Co.*, No. 5:15-cv-21, 2016 U.S. Dist. LEXIS 103183, *7-8

5

(E.D.N.C. Aug. 5, 2016) (defendant's motion for summary judgment was granted based on collateral estoppel where issues were the same, litigated in prior actions, material and relevant to prior actions, and the determination of those issues was necessary to the judgement in prior actions); *see also Branch Banking & Trust Co. v. Maxim Integrated Products, Inc.*, No. 5:14-cv-407, 2014 U.S. Dist. LEXIS 173235, *6 (E.D.N.C. Dec. 16, 2014) ("plaintiffs claim in this Court is barred by application of collateral estoppel, the Court lacks subject-matter jurisdiction, and this action must be dismissed"); *Dorsey v. University of N.C.*, 18 F. Supp. 2d 612, 616 (E.D.N.C. 1997) (citations omitted) (defendants were entitled to judgment as a matter of law because plaintiff was barred from relitigating issues from a prior suit). "Collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom issue preclusion is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (brackets and internal quotation marks omitted). To apply collateral estoppel, a party must show that "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004).

First, the Plaintiff in this action could have intervened as a defendant in *NC NAACP*, 831 F.3d at 237, where the Fourth Circuit Court of Appeals has already considered North Carolina's same-day registration process and has held that the votes that are challenged by Plaintiff in this lawsuit must be counted in the 2016 General Election. The Fourth Circuit determined that the

legislature was not motivated by any neutral, non-racial reasons for repealing same-day registration, such as the rare instances where the state's mail verification process fails to confirm a registrant's address, and instead found that the legislature was motivated by an attempt to discriminate against black voters. Specifically, Plaintiff's allegations regarding verification of same-day registrants was specifically addressed and ruled upon by the *NC NAACP* Court. In *NC NAACP*, the State justified its elimination "as a means to void administrative burdens that arise when verifying the addresses of those who register at the very end of the early voting period." *Id*. The Court held that "'same day registration does not result in the registration of voters who are any less qualified or eligible to vote than' traditional registrants . . . and that 'undeliverable verification mailings were not caused by the nature of the same day registration.'" *Id*. Upon considering Defendant State Board of Election's position on the verification process, the fact that eligible voters, regardless of registration type, may fail the mail verification process, and that just like regular registration, the vast majority of same-day registrants pass the mailing verification process, *see id.*, the Court enjoined the elimination of same-day registration and concluded that "the General Assembly would not have eliminated same-day registration entirely but-for its disproportionate impact on African Americans." *Id.*

The *NC NAACP* court's determination that alleged concerns regarding the mail verification of same-day registration applications could not have rationally motivated the legislature to completely repeal the statute was critical and necessary to the judgment. *Id*. The Fourth Circuit's decision in *NC NAACP* is a final judgment on the merits. *Id*. at 241-42. Thus, the first four elements necessary to assert collateral estoppel have been established.

On the fifth element, *NC NAACP* was litigated over the course of three years, but Plaintiff waited until the canvass process of the General Election to file this lawsuit. Mr. De Luca

7

Case 5:16-cv-00913-D   Document 37   Filed 11/30/16   Page 7 of 12

was aware of the *NC NAACP* litigation and was a prominent supporter of the repeal of same-day registration in 2013. *See Civitas Praises Voting Reforms in House Bill 589, VIVA/Election Reform*, available at https://www.nccivitas.org/2013/civitas-praises-voting-reforms-in-house-bill-589-vivaelection-reform/. Over the last three years, Plaintiff has had ample opportunities to become involved in the litigation addressing this very issue concerning same-day registration, and declined to do so.[1] As such, he should be barred from relitigating the issues at this time.

  b. **Plaintiff's Complaint Must Be Dismissed Because It Fails to State a Claim Under the National Voter Registration Act**

Plaintiff's First Cause of Action is premised on a gross misunderstanding of what the National Voter Registration Act requires. The section of the NVRA referenced in Plaintiff's complaint—52 U.S.C. § 20507(a)(4)[2]—states only that the State shall "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of…a change in the residence of the registrant, in accordance with subsections (b), (c), and (d) of this section." The North Carolina General Statutes codifies a system in which voters are subject to regular list maintenance to remove ineligible voters because of address changes. *See* N.C. Gen. St. § 163-82.14. The NVRA does not compel or mandate any particular form of list maintenance or mail verification process to be used to satisfy 52 U.S.C. § 20507(a)(4). Also, the NVRA does not require that ballots of eligible voters be discounted because the state's own mail verification process failed to confirm their address within a certain amount of time.

---

[1] Civitas, the organization of which Mr. De Luca is president, not only declined to become involved in the litigation, but formally resisted involvement. *See* September 10, 2013 Email titled "William Barber Wants to Read My Diary," available at https://www.facingsouth.org/sites/default/files/civitas_lawsuit_fundraising_letter.pdf.

[2] The section referenced in the Complaint is 42 U.S.C. § 1973gg-6(a)(4)(B). That section was recodified as section 20507 of Title 52, Voting and Elections.

8

Pursuant to North Carolina General Statute § 163-82.7(g), titled "Voting When Verification Process Is Incomplete":

> "In cases where an election occurs before the process of verification outlined in this section has had time to be completed, the county board of elections shall be guided by the following rules:
> (1) If the county board has made a tentative determination that an applicant is qualified to vote under section (a) of this section, then that person shall not be denied the right to vote in person in an election *__unless__* (emphasis added) the Postal Service has returned as undeliverable two notices to the applicant . . ."
> (2) If the Postal Service has returned as undeliverable a notice sent within 25 days before the election to the applicant under subsection (c) of this section, then the applicant may vote only in person in that first election and may not vote by absentee ballot except in person under G.S. 163-227.2. . .
> (3) If a notice sent pursuant to subsection (c) or (e) of this section is returned by the Postal Service as undeliverable after a person has already voted in an election, then the county board shall treat the person as a registered voter but shall send a confirmation mailing pursuant to G.S. 163-82.14(d)(2) and remove or retain the person on the registration records in accordance with that subdivision."

N.C. Gen. St. § 163-82.7(g).

The General Assembly has chosen to not deny the fundamental right to vote unless the U.S. Postal Service has returned as undeliverable two notices to the applicant. Because of North Carolina's detailed statutory scheme, Plaintiff fails to state claims that are plausible on their face, *Bell Atl. Corp.* at 570, and fails to demonstrate how Defendants have violated the NVRA.

### c. Plaintiff's Complaint Must Be Dismissed Because It Fails to State a Claim Under the Equal Protection Clause of the Fourteenth Amendment

Plaintiff attempts to disguise his displeasure with North Carolina's same-day registration law as a constitutional injury, but he fails to state a claim under the applicable *Anderson-Burdick* framework. Courts review equal protection challenges to state election laws pursuant to the Supreme Court's decisions in *Anderson v. Celebrezze*, 460 U.S. 780, 788–89 (1983) and *Burdick*

9

*v. Takushi*, 504 U.S. 428, 433–34 (1992). Where a regulation's restrictions are reasonable and nondiscriminatory, a state's need to properly facilitate its election procedures will generally suffice as justification. *Anderson*, 460 U.S. at 788. The complaint's barest allegation that Plaintiffs' vote will be "diluted," a mere legal conclusion supported by no pleaded facts, and with no recognition of the important state interests in ensuring that the votes cast by eligible voters are not discarded, does not and cannot constitute a claim under the Equal Protection Clause.

### d. Equitable Rules Established by *Purcell v. Gonzalez*, 549 U.S. 1 (2006), Demand Denial of the Relief Sought Here and Justify Dismissal of the Case

Plaintiff fails to state a claim upon which relief can be granted because no relief can be equitably granted. The election for which Plaintiff is challenging registrations has already occurred, and the counties and state are in the process of canvassing and certifying the election. In *Purcell*, the Court made it clear that "court orders affecting elections, especially conflicting orders, can themselves result in voter confusion," and the potential for confusion among voters and election officials alike is compounded "[a]s an election draws closer." *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). In July 2016, the Fourth Circuit held that same-day registration must be reinstated for the November 2016 general election, *NC NAACP,* 831 F.3d 204. Voting in that election has now concluded, and certification of the election results is currently under way. The state's election results must be certified for Electoral College purposes by December 13, 2016. *See* U.S. Electoral College: 2016 Presidential Election, National Archives, https://www.archives.gov/federal-register/electoral-college/key-dates.html.

Plaintiff filed the complaint seeking this Court's intervention in this matter on November 21, 2016, nearly four months after the Fourth Circuit's decision, after voting has concluded, and

10

amid the county and state administrative processes to certify the results of the General Election. Indeed, certification of election results at the county level is nearly complete, and certification at the state level is immediately pending. Voters in that election would be greatly prejudiced were the Court to now step in and adjust the procedures applicable to counting of ballots cast by same-day registrants, which could disqualify voters who used same-day registration and leave them without a remedy to ensure their ballots are counted. Moreover, disrupting the election at this late stage would lead to precisely the sort of widespread confusion the Supreme Court in *Purcell* warned against and sought to prevent. Accordingly, this Court can grant no relief to Plaintiff, and should dismiss Plaintiff's Complaint.

## CONCLUSION

For all the reasons stated above, Defendant-Intervenors respectfully move the Court to dismiss this case.

Respectfully submitted this 30th day of November.

*/s/ Allison J. Riggs*_____
Anita S. Earls (N.C. Bar No. 15597)
Allison J. Riggs (N.C. Bar No. 40028)
Emily E. Seawell (N.C. Bar No. 50207)
Southern Coalition for Social Justice
1415 W. Highway 54, Suite 101
Durham, NC 27707
Phone: 919-323-3380
Facsimile: 919-323-3942

## CERTIFICATE OF SERVICE

I certify that on this day I filed the foregoing **Defendant-Intervenors' Memorandum in Support of Motion to Dismiss** with the clerk's office via the CM/ECF system, which will send notification of filing to the following counsel of record:

Karl S. Bowers, Jr.
P.O. Box 50549
Columbia, SC  29250
Telephone: 803-260-4124
butch@butchbowers.com

Joshua Brian Howard
Gammon, Howard & Zeszotarski PLLC
115 ½ West Morgan Street
Raleigh, NC  27601
Telephone: 919-521-5878
jhoward@ghz-law.com

Joshua Lawson
Katelyn Love
North Carolina State Board of Elections
441 N. Harrington St.
Raleigh, NC  27603
Telephone: 919-715-9194
joshua.lawson@ncsbe.gov

Irving L. Joyner
P.O. Box 374
Cary, NC  27512
Telephone: 919-530-6293
jirving@bellsouth.net

Martha A. Geer
Cohen Milstein Seller & Toll PLLC
150 Fayetteville St., Suite 980
Raleigh, NC  27601
Telephone: 919-890-0560
mgeer@cohenmilstein.com

This the 30th day of November, 2016.

/s/Allison J. Riggs
Allison J. Riggs

*Counsel for Defendant-Intervenors*