## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| FRANCIS X. DELUCA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH CAROLINA STATE BOARD OF ELECTIONS; KIM WESTBROOK STRACH, in her official capacity as Executive Director of the State Board; and A. GRANT WHITNEY, RHONDA K. AMOROSO, JOSHUA D. MALCOLM, JAMES BAKER, and MAJA KRICKER, in their official capacities as members of the State Board of Elections, | ) NO.: 5:16-CV-913 |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, *et al.*, | ) |
| | ) |
| Defendant-Intervenors, | ) |
| | ) |
| and | ) |
| | ) |
| NORTH CAROLINA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, | ) |
| | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT-INTERVENOR NORTH CAROLINA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR SUMMARILY DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

## PRELIMINARY STATEMENT

It should be clear from Plaintiff's failure to file a memorandum supporting his preliminary injunction motion that he has no factual or legal basis to support his motion, and that this case was brought for other reasons. Plaintiff had an opportunity to file this lawsuit before the same-day registration period and before the election. Only after the election results became clear did Plaintiff file suit, and he then moved for a preliminary injunction seeking to delay the outcome of the election.

At that point, in blatant disregard for Local Rule 7.1(e), Plaintiff failed to file a memorandum along with his preliminary injunction motion, a memorandum that would have allowed the Court to determine the merits of his motion. And now, even after the original deadline for Defendants' briefs in response has passed, Plaintiff still has not filed a brief in support of the motion.

The Court should not indulge Plaintiff's delay tactics by allowing him further time to provide the Court with arguments and evidence he should have already presented. The Court certainly should not hold a hearing on a two-page motion that fails to even mention the elements he is required to prove for an injunction.

There is no reason to make an exception for Plaintiff from the rules that apply to all other litigants. Plaintiff could have filed this litigation at any time during the past four months since same-day registration was reinstated, but chose to wait until after he knew the election results. As he waited, he had ample time to retain counsel, have them investigate his claims, and have papers ready to go when he filed suit and sought an injunction.

If Plaintiff cannot be bothered to go to the trouble of preparing for this litigation and filing routine papers in support of his request for a preliminary injunction, he should not be allowed to further waste the time and resources of the Court. He also should not be

permitted to continue to disrupt the real work being done by the State Board of Elections Defendants by hauling them into court for an unwarranted hearing during a time when they are working to comply with their statutory responsibilities in completing the election canvass and certifying the election results. Defendant-Intervenor North Carolina State Conference of the National Association for the Advancement of Colored People ("NC NAACP") respectfully requests that the Court hold Plaintiff to the same standard as other litigants, and either summarily deny or dismiss Plaintiff's motion for a preliminary injunction.

## STATEMENT OF THE CASE

On November 21, 2016, Plaintiff filed an unverified Complaint against Defendants The North Carolina State Board of Elections ("SBOE"), SBOE Executive Director Kim Strach, and SBOE Board members A. Grant Whitney, Rhonda K. Amoroso, Joshua D. Malcolm, James Baker, and Maja Kricker (collectively "SBOE Defendants") based on the SBOE's and county boards of elections' administration of same-day registration. Doc. No. 1. In the Complaint, Plaintiff sought injunctive relief requiring "the Board to withhold certification" and "to delay the counting of ballots and the certification of election results . . . ." *Id*. at 2, 9.

Two days later, on November 23, 2016, Plaintiff filed a two-page motion for a preliminary injunction setting forth no legal or evidentiary justification for an injunction, but assuring the Court that "Plaintiff will submit a Memorandum of Law addressing all necessary elements for the entry of a preliminary injunction." Doc. No. 9 at ¶ 6. On the same day, the Court calendared a hearing on the motion for December 2, 2016 and ordered that any opposition be filed by 5:00 p.m. on November 30, 2016.

On November 29, 2016, the Court granted a motion to intervene as defendants filed by the League of Women Voters of North Carolina, North Carolina A. Philip Randolph Institute, Common Cause North Carolina, Kay Brandon, Sara Stohler, Hugh Stohler, Anthony Mikhail Lobo, Anna Jaquays, and Michael T. Kuykendall (collectively "the LWV Defendant-Intervenors"). Doc. No. 18. On November 30, 2016, the LWV Defendant-Intervenors moved to dismiss the complaint. Doc. Nos. 36, 37. On November 30, 2016, the Court allowed the NC NAACP to intervene as a defendant as well. Doc. No. 35.

On November 29, 2016, the SBOE Defendants were forced to file a motion to extend the time to file responses to the motion for a preliminary injunction and to delay the hearing. Doc. No. 27. The extension was necessary because the Governor refused to approve the SBOE Defendants' request to retain private counsel, and the SBOE General Counsel then had to enter an appearance and prepare to defend the SBOE Defendants. *Id*.; Doc. No. 27-1 at 1. The Court granted the motion, extending the time to file oppositions to December 5, 2016, and rescheduled the preliminary injunction hearing for December 8, 2016. To date, Plaintiff has yet to file a memorandum of law in support of his motion for a preliminary injunction.

## **STATEMENT OF FACTS**

On July 29, 2016, the Fourth Circuit struck down legislation enacted by the North Carolina General Assembly that "restricted voting and registration in five different ways, all of which disproportionately affected African Americans." *North Carolina State Conference of NAACP v. McCrory*, 831 F.3d 204, 214 (4th Cir. 2016) ("*NC NAACP*"). The court concluded that the challenged provisions – which included abolition of same-day registration – were enacted with "discriminatory intent," *id.* at 215, and "target[ed]

African Americans with almost surgical precision . . . ." *Id.* at 214. The court remanded to the district court with instructions to enjoin the new provisions, which resulted in the restoration of same-day registration. *Id.* at 215.

Although Plaintiff and the organization that he heads, the Civitas Institute ("Civitas"), have long opposed same-day registration and were involved in the development of the legislation that the Fourth Circuit found racially discriminatory, Plaintiff and Civitas made no attempt to intervene in the *NC NAACP* litigation. Moreover, following the Fourth Circuit's decision reinstating same-day registration, Plaintiff's claims that the re-instituted law violates the National Voter Registration Act ("NVRA") and the Equal Protection Clause could have been brought well before the same-day registration period and the November 8, 2016 election, yet Plaintiff chose not to file suit until after the election. While Plaintiff bided his time, voters utilized same-day registration to cast their votes, as allowed by the Fourth Circuit's decision in *NC NAACP*.

Then, almost two weeks after the election – after the election results were known but while votes were still being counted – Plaintiff finally chose to file suit, asking the Court to delay the SBOE's certification of the results and retroactively disenfranchise some of the voters who used same-day registration. Plaintiff accompanied the filing of his complaint with a press conference. At that press conference, Plaintiff provided no explanation for why he waited until after the election to file suit. Colin Campbell and Lynn Bonner, *Civitas Sues to Stop Final NC Vote Count, Cites Concerns About Same-Day Registration*, The News & Observer, Nov. 22, 2016, http://www.newsobserver.com/news/politics-government/politics-columns-blogs/under-the-dome/article116393383.html, attached hereto as Attachment 1. He reported to the media that he and Civitas brought the suit because legislative leaders had indicated they

5

might revisit the election laws next year. *Id*, at 3. He explained, "We think same-day registration is a bad policy. This is the [sic] about the best way we can use the courts to show that it is." *Id*. He stated further: "We think it's important to create a record about the chaos and turmoil same-day registration brings to the election process." Mark Binker and Cullen Browder, *Civitas Suit: Verify Addresses on All One-Stop Votes*, WRAL, Nov. 22, 2016, http://www.wral.com/-civitas-sues-over-same-day-registrations/16266320/, attached hereto as Attachment 2.

## ARGUMENT

I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE SUMMARILY DENIED OR DISMISSED FOR FAILURE TO FILE A SUPPORTING MEMORANDUM

Eastern District of North Carolina Local Rule 7.1(e) provides that "all motions … shall be filed with an accompanying supporting memorandum . . . ." Rule 11.1 allows for sanctions if "any party fails to comply in good faith with any local rule of this court . . . ."

This Court has regularly enforced Local Rule 7.1(e) and denied motions for failure to file a supporting memorandum. *See Mission Essential Pers., LLC v. Worldwide Language Res., Inc.*, No. 5:12-CV-294-D, 2013 WL 5442212, at *2 (E.D.N.C. Sept. 27, 2013) (Dever, J.) (denying motion for summary judgment when plaintiff failed to file supporting memorandum although plaintiff had served memorandum on defendants), attached hereto as Attachment 4; *Dew ex rel. K.W. v. Colvin,* No. 4:12-CV-129-D, 2013 WL 4523617, at *3 (E.D.N.C. Aug. 27, 2013) (Dever, J.) (adopting magistrate judge's recommendation: "Thus, in violation of the Local Civil Rules of this court, the motion is unsupported by both argument and the documents necessary for a substantive ruling. It will therefore be recommended that the motion to remand be summarily denied."), attached hereto as Attachment 3; *Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009) (Dever, J.) ("The local rules at issue promote

the orderly resolution of discovery disputes. … When a party files a motion to compel, yet fails to [file a supporting memorandum], the court may deny the motion. … Moreover, the court finds that the violations were prejudicial to defendant and the orderly administration of justice. Accordingly, plaintiff's motion to compel is denied."), attached hereto as Attachment 5; *Higgins v. Spence & Spence, PA*, No. 5:07-CV-33-D(1), 2009 WL 536069, at *3 (E.D.N.C. Mar. 3, 2009) (Dever, J.) ("Rule 7.1 … clearly states that a motion 'shall be filed *with* an accompanying supporting memorandum.' … Consequently, defendants failed to comply with [the relevant Local Rule], and the court denies defendants' original motions contained within their answers."), attached hereto as Attachment 6.[1]

Here, the motion itself reveals that Plaintiff was aware that he was required to file a supporting memorandum of law. Nonetheless, Plaintiff violated Local Rule 7.1(e) by not filing a memorandum simultaneously with his motion and continuing to fail to file it over the past nine days, even as Plaintiff watched the Court set and re-set deadlines for Defendants' and Defendant-Intervenors' opposition filing to his motion. Counsel for

---

[1] Other judges in this District have similarly denied motions for failure to file a supporting memorandum. *See Harleysville Life Ins. Co. v. Harrelson*, No. 7:10-CV-00051-DAN, 2011 WL 4544047, at *12 (E.D.N.C. Sept. 29, 2011) ("[A]llowing the motion to amend/correct answer at this juncture would be unduly prejudicial[;] . . . because the [defendants] have failed to file a memorandum in support as required by Local Rule 7.1(d), it is impossible to know how they intend to legally support their position."), attached hereto as Attachment 7; *Sager v. Standard Ins. Co.*, No. 5:08-CV-628-D, 2010 WL 2772433, at *1 (E.D.N.C. July 12, 2010) (denying motion to compel discovery when no brief filed because "[o]ne party's failure to file a memorandum of law hinders the opposing party's ability to adequately respond and prevents the court from properly adjudicating the motion."), attached hereto as Attachment 8; *Plotkin v. Ass'n of Eye Care Ctrs., Inc.*, 710 F. Supp. 156, 160 (E.D.N.C. 1989) ("In *neither* case do plaintiffs give any support for either contention. A court cannot divine clairvoyantly what claims plaintiffs wish to pursue when plaintiffs repeatedly file ambiguous and contradictory pleadings. Indeed, plaintiffs have failed to file a supporting memorandum to accompany this motion, or *any of their other motions*, as required by Eastern District Local Rule 4.04 [precursor to 7.1]. This alone justifies denial of the motion.") (internal quotation marks and citations omitted)).

Plaintiff are sophisticated and experienced litigators, and there is no legitimate justification for their failure to file the required brief.

This Court specifically addressed a violation of Local Rule 7.1(e) in the context of a motion for a preliminary injunction in *Galaton v. Johnson*, No. 5:11-CV-397-D, 2011 WL 9688271 (E.D.N.C. Aug. 17, 2011), attached hereto as Attachment 9. Key to the analysis in *Galaton* was the standard for a preliminary injunction. A court may issue a preliminary injunction *only if* the moving party clearly establishes the following factors: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *League of Women Voters v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1735 (2015). Critically, each of these four requirements must be satisfied. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

In *Galaton*, the plaintiff filed a motion for a preliminary injunction the month before a scheduled shareholder vote on a merger between Progress Energy and Duke Energy (even though the merger was announced seven months earlier and he could have joined a prior action). The plaintiff then waited until 11 days before the shareholder vote to file a memorandum in support of the motion. This Court first pointed out: "'Equity demands that those who would challenge the legal sufficiency of [a defendant's] decisions ... do so with haste and dispatch.'" 2011 WL 9688271, at *2 (quoting *Quince Orchard Valley Citizens Ass'n v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989)). The Court then noted that "Galaton's August 2nd motion violates Local Rule 7.1(d), EDNC, which states 'all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum.'" *Id*.

8

In concluding that this delay in complying with the Local Rule justified denial of the motion for a preliminary injunction, the Court held:

> *In light of Galaton's dilatory approach in this case and his abject disregard for the rules of this court, the court finds that the balance of equities do not favor Galaton.* Galaton has been aware of the facts forming the basis of his claims for months, yet waited until the fifty-ninth minute of the eleventh hour to seek an extraordinary equitable remedy. Galaton's proposed preliminary injunction would disrupt Progress's scheduled shareholder meeting to vote on the merger agreement and thereby prejudice Progress and the public. Galaton could have avoided this disruption [to the status quo] with a prompt challenge. Galaton's argument that he is likely to suffer irreparable harm is due to his own delay.

*Id*. at *2 (emphasis added; internal citations omitted).

As in *Galaton*, Plaintiff here knew of a prior action involving the same same-day registration process now at issue, *NC NAACP*, but chose not to join it. He also could have filed suit after the Fourth Circuit's *NC NAACP* decision but before same-day registration started, putting potential voters and county boards of election on notice. But just like the plaintiff in *Galaton*, Plaintiff waited, and did not file suit until after the election had taken place and he knew the results. In contrast to *Galaton*, however, in which the plaintiff ultimately and belatedly filed a memorandum of law, Plaintiff in this case has filed nothing. Consequently, he has not provided either the Court or Defendants the bases upon which he will rely in seeking the preliminary injunction. Even more so than *Galaton*, Plaintiff has shown an "abject disregard" of the local rules. Consequently, this Court should conclude, as it did in *Galaton*, that the balance of equities does not favor Plaintiff and summarily deny or dismiss the motion for preliminary injunction.

II.  PLAINTIFF IS NOT ENTITLED TO A HEARING ON HIS MOTION SINCE HE HAS FAILED TO PROVIDE THE COURT WITH ANY LEGAL OR FACTUAL BASIS JUSTIFYING A HEARING

Even if the Court chooses to disregard the violation of Local Rule 7.1, Plaintiff's two-page motion provides no basis for this Court to conclude that a hearing on the motion is warranted. Instead, Plaintiff briefly recites his claims for relief, describes what he wishes enjoined, makes the conclusory statement that the Federal Rules of Civil Procedure allow a preliminary injunction "under the circumstances presented here," and then promises that he will later "address[] the necessary elements for the entry of a preliminary injunction." Dkt. 8. In short, the motion contains no legal or factual basis for granting Plaintiff a preliminary injunction and, therefore, the Court has nothing before it to justify expending both the Court's resources and those of the SBOE Defendants by conducting a belatedly-requested hearing in the final days of the vote-counting process -- a process the Fourth Circuit has already fully approved. Certainly, it would be extraordinary to grant Plaintiff a hearing that would be so disruptive when he has not bothered to make any showing of entitlement to the relief he seeks. *See Slide-Lok Modular Storage Sys., Inc. v. Flexmar Coatings, LLC*, No. CV 08-0279-PHX-MHM, 2008 WL 4649035, at *4 (D. Ariz. Oct. 21, 2008) ("Plaintiff has not met its burden of establishing the clear need for the drastic remedy of a preliminary injunction. The evidence presented by [plaintiff] does not sufficiently demonstrate that the law and facts clearly favor the moving party. Likewise, [conducting] . . . an evidentiary hearing under Rule 65(a)(2) would . . . amount[] to an inefficient use of the Court's time and a waste of the Parties' resources." (citation omitted)), attached hereto as Attachment 10.

In other cases, this Court and others have consistently denied a party a hearing when the party has failed to provide a legal or factual basis for one. Thus, in *Galaton*, this Court concluded:

> A hearing is not necessary in this case. . . . [A] plaintiff's failure to allege and put forth facts that support his claim for relief under the governing law obviates any need for a hearing. *Boyd v. Beck*, 404 F.Supp.2d 879, 887 n.3 (E.D.N.C.2005) (citing *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3d Cir.1990) ("[A] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm."); 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2949, at 226 (2d ed.1995) (explaining that preliminary injunctions can be denied without a hearing, even after the movant requests one, "when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless").

*Galaton*, 2011 WL 9688271, at *1 n.2. So too here, because Plaintiff has provided no "written evidence" or even legal authority to support his motion and has made no attempt to show a right to relief, it likewise "would be manifestly pointless" to have a hearing. *Id.*

As the Fifth Circuit has emphasized, "[t]he plaintiff has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction." *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005). Consequently, in *PCI Transportation*, the court concluded that the plaintiff's failure to submit to the court a contract that formed the basis for its claim "and its failure to establish the existence of a factual dispute on the question whether it would suffer irreparable injury made a hearing unnecessary." *Id. See also Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) ("[A]s in any case in which a party seeks an evidentiary hearing, he must be able to persuade the court that the issue is indeed genuine and material and so a hearing would be productive—he must show in other words that he has and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue an injunction.").

11

Courts have long found that if a party does not diligently pursue his or her claim by performing the work necessary to present sound arguments justifying review, then the court should not expend its limited resources on that claim. This case is no exception. Plaintiff's lackadaisical attitude toward his claims and toward his motion for a preliminary injunction warrants dismissal or summary denial of that motion.

III. NO JUSTIFICATION EXISTS FOR ALLOWING PLAINTIFF TO CURE HIS OMISSIONS AT THIS VERY LATE DATE

It is possible that Plaintiff will, in response to this motion, seek leave to belatedly file a memorandum and supporting evidence in order to justify the hearing he has requested. Nothing about this Plaintiff or this case warrants affording Plaintiff special treatment. In *Galaton*, this Court denied a hearing when the plaintiff waited until 11 days before the shareholder vote at issue to file a supporting memorandum, while, here, Plaintiff still has not filed a brief the last business day before Defendants' deadline to file their opposition and less than a week before the calendared hearing. Plaintiff's counsel must have been well aware that his memorandum of law was due at the time Plaintiff filed his motion and not the same day oppositions are due or later.

Plaintiff has not litigated this case in a manner that shows a serious intent to pursue his claims, such as by filing the case prior to the commencement of same-day registration or filing a motion for a preliminary injunction supported by affidavits, other evidence, and a memorandum of law. Instead, Plaintiff has treated the complaint and motion like a press release, using them to attract media attention but not following through in a manner consistent with a party interested in vigorously pursuing his or her claims in a court of law.

Indeed, in Mr. De Luca's press conference, he acknowledged to the media that this lawsuit is really about laying the groundwork for the State Legislature to again pass legislation abolishing same-day registration. Attachment 1, at 2. Plaintiff stated to the

press (although not in his papers to this Court) that this litigation was brought "to create a record about the chaos and turmoil same-day registration brings to the election process." Attachment 2, at 2. He explained further: "We think same-day registration is a bad policy. This is the [sic] about the best way we can use the courts to show that it is." *Id*, at 3.

While it is questionable whether this is a proper purpose for a lawsuit, since it is not focused on vindicating rights but rather uses the courts to build a record for legislation, this purpose is certainly inconsistent with Plaintiff's request for a preliminary injunction. In order to achieve the purpose admitted to the media, Plaintiff does not need to have an injunction delaying the SBOE's certification of the election results or striking votes that are lawful under current state law. That purpose may explain Plaintiff's failure to vigorously litigate the motion for a preliminary injunction.

In the event, however, that Plaintiff suggests a further delay of the proceedings in order to allow him to file a brief and supporting evidence, the question arises whether another purpose underlies this lawsuit as well: a goal to exploit the claims set out in the complaint as a strategic means of obtaining a delay of the certification of the election results. Regardless, Plaintiff has, at this point, had every opportunity to comply with the Court's local rules and show an intent to vigorously and honestly pursue his claims.

The NC NAACP would, therefore, strongly object to any further delay by giving Plaintiff more time to file a supporting memorandum. To do so would reward Plaintiff for deliberately disregarding the Court's rules in order to gain a strategic and political advantage, rather than vindicate rights. This situation is far more blatant that that of the plaintiff in *Galaton*, who "waited until the fifty-ninth minute of the eleventh hour to seek [the] extraordinary equitable remedy" of a preliminary injunction. *Galaton*, 2011 WL 9688271, at *2.

13

Case 5:16-cv-00913-D   Document 40   Filed 12/02/16   Page 13 of 16

## CONCLUSION

For the reasons set forth above, Defendant-Intervenor NC NAACP respectfully requests that the Court summarily deny or dismiss Plaintiff's motion for a preliminary injunction and cancel the upcoming hearing regarding this motion.

Respectfully submitted this 2nd day of December, 2016.

/s/ *Martha A. Geer*
Martha A. Geer (Bar No. 13972)
COHEN MILSTEIN SELLERS &
 TOLL PLLC
150 Fayetteville Street
STE. 980
Raleigh, NC 27601
Telephone: 919-890-0560
Facsimile: 202-408-4699
Email: mgeer@cohenmilstein.com

Joseph M. Sellers
Brian Corman
COHEN MILSTEIN SELLERS &
 TOLL PLLC
1100 New York Avenue, N.W.
East Tower, STE. 500
Washington, DC 20005-3964
Telephone: 202-408-4600
Facsimile: 202-408-4699
Email: jsellers@cohenmilstein.com
Email: bcorman@cohenmilstein.com

Irving Joyner (Bar No. 7830)
P.O. Box 374
Cary, North Carolina 27512
Telephone: 919-319-8353
Email: ijoyner@NCCU.EDU

Penda D. Hair
Caitlin A. Swain
Leah J. Kang
FORWARD JUSTICE
1401 New York Ave., NW, STE 1225
Washington, DC 20005
Telephone: (202) 256-1976
Email: phair@forwardjustice.org
Email: cswain@forwardjustice.org
Email: lkang@forwardjustice.org

*Attorneys for North Carolina State Conference of the National Association for the Advancement of Colored People*

# CERTIFICATE OF SERVICE

I certify that on this day I filed the foregoing "**Defendant-Intervenor North Carolina State Conference Of The National Association For The Advancement Of Colored People's Memorandum Of Law In Support Of Motion To Dismiss Or Summarily Deny Plaintiff's Motion For A Preliminary Injunction**" with the clerk's office via the CM/ECF system, which will send notification of filing to the following counsel of record:

| | |
|---|---|
| Karl S. Bowers, Jr.<br>P.O. Box 50549<br>Columbia, SC  29250<br>Telephone: 803-260-4124<br>butch@butchbowers.com | Joshua Lawson<br>General Counsel<br>North Carolina State Board of Elections<br>441 N. Harrington St.<br>Raleigh, NC  27603<br>Telephone: 919-715-9194<br>joshua.lawson@ncsbe.gov |
| Joshua Brian Howard<br>Gammon, Howard & Zeszotarski PLLC<br>115 ½ West Morgan Street<br>Raleigh, NC  27601<br>Telephone: 919-521-5878<br>jhoward@ghz-law.com | Allison J. Riggs<br>Anita S. Earls<br>Emily E. Seawell<br>Southern Coalition for Social Justice<br>1415 W. Highway 54, Suite 101<br>Durham, NC  27707<br>Phone: 919-323-3380<br>Facsimile: 919-323-3942<br>allison@southerncoalition.org |
| Alexander M. Peters<br>James Bernier<br>Office of the Attorney General<br>P.O. Box 629<br>Raleigh, NC  27602<br>apeters@ncdoj.gov<br>jbernier@ncdoj.gov | |

This the 2nd day of December, 2016

/s/ Martha A. Geer