IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FRANCIS X. DELUCA,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; KIM WESTBROOK STRACH, in her official capacity as Executive Director of the State Board; and A. GRANT WHITNEY, RHONDA K. AMOROSO, JOSHUA D. MALCOLM, JAMES BAKER, and MAJA KRICKER, in their official capacities as members of the State Board of Elections,<br><br>Defendants,<br><br>and<br><br>LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, *et al.*,<br><br>and<br><br>NORTH CAROLINA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>Defendant-Intervenors. | No. 5:16-cv-913 |

**STATE DEFENDANTS' RESPONSE IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION HEARING**

State Defendants submit this response in support of Defendant-Intervenor North Carolina State Conference of the National Association for the Advancement of Colored People's December 2, 2016 motion to dismiss or summarily deny Plaintiff's motion for preliminary injunction.

Plaintiff filed a memorandum in support of his motion for preliminary injunction on

Saturday, December 4, 2016 ("Plaintiff's Memorandum"), ten days after he filed his motion and thus in violation of Local Civil Rule 7.1(e), which requires that all motions made prior to hearing or trial, except those which the clerk may grant, "***shall be filed with an accompanying supporting memorandum***." (Emphasis added).

In Plaintiff's Memorandum, he now asks this Court to "***bar the State Board from certifying*** until the Board can attest all voters are being treated equally by the inclusion of only verified voters in final counts." Doc. No. 43 at 9 (emphasis added). The prayer for relief differs materially from that sought in Plaintiff's original Motion for Preliminary Injunction: To bar the State Board "***from including any SDR ballots in the final statewide vote count*** that failed the mail verification process . . . " Doc. No. 9 at 4 (emphasis added). While State Defendants oppose either a full stay of certification or a certification that excludes any ballot lawfully cast, the theories of injunctive relief supporting either outcome differ substantially—under one theory, Plaintiff is able to bar ballots, under the other, Plaintiff halts certification entirely with collateral effects felt broadly across the State and Federal system. This shift comes prejudicially late under the Local Rules, and mere days before State Defendants' deadline to address the theory and effect of Plaintiff's request for extraordinary relief.

This Court has considered the balance equities under similar circumstances in addressing a delay in filing a supporting memorandum, *Galaton v. Johnson*, No. 5:11-CV-397-D, 2011 WL 9688271 (E.D.N.C. Aug. 17, 2011), and concluded that the preliminary injunction motion should be denied following an eleven-day delay. Plaintiff's Memorandum was filed on the tenth day after his motion for preliminary injunction, leaving State Defendants at a disadvantage in their ability to respond appropriately to shifting approach. While equitable considerations may not ordinarily favor a State defendant, unique representation challenges rebalance those equities. *See* Colin Campbell, *McCrory Administration Won't Explain Decision that Slowed Election Lawsuit*, THE

2

NEWS & OBSERVER, December, 3, 2016, https://goo.gl/VUkXwd.

Statewide canvass was set by statute to occur for the general election on November 29, 2016, but the State Board of Elections may "adjourn for not more than 10 days to secure the missing abstracts" from county boards of elections, to December 9, 2016. *See* N.C. GEN. STAT. § 163-182.5(c). Canvass is the official process by which election results are tabulated, authenticated, and finalized. State Defendants recognize that a further delay may result in the hearing occurring after the scheduled date for statewide canvass, however this delay is due to Plaintiff's own failure to timely support his request for preliminary injunction.

This the 4th day of December, 2016.

/s/ Katelyn Love
Katelyn Rose Love
N.C. State Board of Elections
PO Box 27255
Raleigh, NC  27611-7255
(919) 715-8506
Fax 919-715-0185
Legal.Team@ncsbe.gov
State Bar No. 48744
*Attorney for State Defendants*

Joshua Leo Lloyd Lawson
N.C. State Board of Elections
PO Box 27255
Raleigh, NC  27611-7255
(919) 715-9194
Fax 919-715-0185
Legal.Team@ncsbe.gov
State Bar No. 45463
*Attorney for State Defendants*

# CERTIFICATE OF SERVICE

I certify that on this day I filed the foregoing **State Defendants' Response in Support of Motion to Dismiss Plaintiff's Motion for Preliminary Injunction** with the clerk's office via the CM/ECF system, which will send notification of filing to the following counsel of record:

Karl S. Bowers, Jr.
P.O. Box 50549
Columbia, SC 29250

Joshua Brian Howard
115 ½ West Morgan Street
Raleigh, NC 27601

Allison J. Riggs
Anita S. Earls
Emily E. Seawell
1415 West Highway 54, Suite 101
Durham, NC 27707

Caitlin Anne Swain-McSurely
Leah J. Kang
400 W. Main Street, Suite 203
Durham, NC 27701

Irving L. Joyner
P.O. Box 374
Cary, NC 27512

Martha A. Geer
150 Fayetteville St., Suite 980
Raleigh, NC 27601

Penda D. Hair
1401 New York Avenue, Suite 1225
Washington, DC 20005

This the 4th Day of December, 2016.

/s/ Katelyn Love
Katelyn Rose Love
*Attorney for State Defendants*
*N.C. State Board of Elections*
*Strach, Whitney, Amoroso,*
*Malcolm, Baker & Kricker*