IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FRANCIS X. DELUCA,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; KIM WESTBROOK STRACH, in her official capacity as Executive Director of the State Board; and A. GRANT WHITNEY, RHONDA K. AMOROSO, JOSHUA D. MALCOLM, JAMES BAKER, and MAJA KRICKER, in their official capacities as members of the State Board of Elections,<br><br>Defendants. | No. 5:16-cv-913 |

## DECLARATION OF SUSAN C. FISHER

I, Susan C. Fisher, do hereby state as follows:

1. I am a member of the North Carolina General Assembly ("General Assembly") representing the 114th House District.

2. I have served in the North Carolina House of Representatives ("NC House") since 2004.

3. I have personal knowledge regarding the facts stated in this declaration, and I am competent to testify to the matters stated in this declaration.

4. In 2007, I co-sponsored House Bill 91 ("HB 91"), which was filed on February 7, 2007 in the NC House. House Bill 91 proposed the addition of N.C. Gen. Stat. § 163-82.6A to Article 7A of Chapter 163 of the North Carolina General Statutes. This addition would allow for in-person registration and voting at one-stop sites. The legislative intent behind HB 91 was to encourage increased civic participation by North Carolina residents in elections by allowing North Carolina residents to register to vote, or to change their registration, at one-stop voting sites. In order to ensure that this proposed statute was in compliance with the law, HB 91 included specific language that required that a voter registering under this new section would have to complete:

   i. An attestation that the person met the eligibility requirements, signed under penalty of a Class I felony; and

   ii. Provide proof of residence by presenting any of the following valid documents that show the person's current name and current residence address: a North Carolina drivers license, a photo identification from a government agency, or any

of the following documents:

    a. Current utility bill;

    b. Bank statement;

    c. Government check;

    d. Paycheck; or

    e. Other government document; or

Or any additional documents or methods designated by the State Board of Elections that would suffice.

This second requirement that a voter provide proof of residence created a higher bar for registration than that which was required for normal applications for voter registration.

5. On July 12, 2007, HB 91 was ratified by the General Assembly.

6. On July 20, 2007, Session Law 2007-253 ("SL 2007-253") was passed, approving the addition of N.C. Gen. Stat. § 163-82.6A to Article 7A of Chapter 163 of the North Carolina General Statutes.

7. The statutory language codified by SL 2007-253 is an accurate representation of the General Assembly's legislative intent in adding N.C. Gen. Stat. § 163-82.6A.

8. Attached as Exhibit A is a true and accurate copy of SL 2007-253.

I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand that it is made for use as evidence in court and is subject to penalty for perjury.

Date this the 30th day of November, 2016.

*Susan C. Fisher* (signature)

Susan C. Fisher

EXHIBIT A

GENERAL ASSEMBLY OF NORTH CAROLINA
SESSION 2007

SESSION LAW 2007-253
HOUSE BILL 91

AN ACT TO PROVIDE FOR IN-PERSON REGISTRATION AND VOTING AT ONE-STOP ABSENTEE VOTING SITES.

The General Assembly of North Carolina enacts:

**SECTION 1.** Article 7A of Chapter 163 of the General Statutes is amended by adding a new section to read:
"**§ 163-82.6A. In-person registration and voting at one-stop sites.**
(a) Who May Register in Person. – In accordance with the provisions in this section, an individual who is qualified to register to vote may register in person and then vote at a one-stop voting site in the person's county of residence during the period for one-stop voting provided under G.S. 163-227.2. For purposes of this section, a one-stop voting site includes the county board of elections office, if that office is used for one-stop voting.
(b) Both Attestation and Proof of Residence Required. – To register and vote under this section, the person shall do both of the following:
 (1) Complete a voter registration form as prescribed in G.S. 163-82.4, including the attestation requirement of G.S. 163-82.4(b) that the person meets each eligibility requirement. Such attestation is signed under penalty of a Class I felony under G.S. 163-275(13); and
 (2) Provide proof of residence by presenting any of the following valid documents that show the person's current name and current residence address: a North Carolina drivers license, a photo identification from a government agency, or any of the documents listed in G.S. 163-166.12(a)(2). The State Board of Elections may designate additional documents or methods that suffice and shall prescribe procedures for establishing proof of residence.
(c) Voting With Retrievable Ballot. – A person who registers under this section shall vote a retrievable absentee ballot as provided in G.S. 163-227.2 immediately after registering. If a person declines to vote immediately, the registration shall be processed, and the person may later vote at a one-stop voting site under this section in the same election.
(d) Verification of Registration; Counting of Ballot. – Within two business days of the person's registration under this section, the county board of elections in conjunction with the State Board of Elections shall verify the North Carolina drivers license or Social Security number in accordance with G.S. 163-82.12, update the statewide registration database and search for possible duplicate registrations, and proceed under G.S. 163-82.7 to verify the person's address. The person's vote shall be counted unless the county board determines that the applicant is not qualified to vote in accordance with the provisions of this Chapter.
(e) Change of Registration at One-Stop Voting Site. – A person who is already registered to vote in the county may update the information in the registration record in accordance with procedures prescribed by the State Board of Elections, but an individual's party affiliation may not be changed during the one-stop voting period before any first or second partisan primary in which the individual is eligible to vote."
**SECTION 2.** G.S. 163-82.6(c) reads as rewritten:

"(c) Registration Deadlines for an Election. – In order to be valid for an election, except as provided in G.S. 163-82.6A, the form:
 (1) If submitted by mail, must be postmarked at least 25 days before the election, except that any mailed application on which the postmark is missing or unclear is validly submitted if received in the mail not later than 20 days before the election,
 (2) If submitted in person, by facsimile transmission, or by transmission of a scanned document, must be received by the county board of elections by a time established by that board, but no earlier than 5:00 P.M., on the twenty-fifth day before the election,
 (3) If submitted through a delegatee who violates the duty set forth in subsection (a) of this section, must be signed by the applicant and given to the delegatee not later than 25 days before the election, except as provided in subsection (d) of this section."

**SECTION 3.** G.S. 163-227.2(a) reads as rewritten:

"(a) Any voter eligible to vote by absentee ballot under G.S. 163-226 may request an application for absentee ballots, complete the application, and vote under the provisions of this section. section and of G.S. 163-82.6A, as applicable."

**SECTION 4.** The State Board of Elections shall monitor the implementation of this act and determine the feasibility and timetable for expanding same-day registration and voting to all voting places on Election Day. The State Board shall report its findings no later than March 1, 2009, to the Joint Legislative Commission on Governmental Operations of the General Assembly.

Case 5:16-cv-00913-D   Document 47-7   Filed 12/05/16   Page 4 of 5

**SECTION 5.** Sections 1, 2, and 3 of this act become effective as follows:
(1) If preclearance under Section 5 of the Voting Rights Act of 1965 is obtained before September 1, 2007, those sections are effective with regard to registration and voting for any primary or election held on or after October 9, 2007.
(2) If preclearance is obtained during September 2007, those sections are effective with regard to registration and voting for any primary or election held on or after November 6, 2007.
(3) If preclearance is obtained on or after October 1, 2007, those sections are effective with regard to registration and voting for any primary or election held on or after the 60th day after preclearance is obtained.

The remainder of this act is effective when it becomes law. The State Board of Elections may adopt any necessary procedures to implement this act at any time after this act becomes law.

In the General Assembly read three times and ratified this the 12th day of July, 2007.

s/ Charlie S. Dannelly
Deputy President Pro Tempore of the Senate

s/ Joe Hackney
Speaker of the House of Representatives

s/ Michael F. Easley
Governor

Approved 10:41 a.m. this 20th day of July, 2007

Case 5:16-cv-00913-D   Document 47-7   Filed 12/05/16   Page 5 of 5