IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FRANCIS X. DELUCA,<br><br>        Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; KIM WESTBROOK STRACH, in her official capacity as Executive Director of the State Board; and A. GRANT WHITNEY, RHONDA K. AMOROSO, JOSHUA D. MALCOLM, JAMES BAKER, and MAJA KRICKER, in their official capacities as members of the State Board of Elections,<br><br>        Defendants,<br><br>and<br><br>LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, *et al.*,<br><br>and<br><br>NORTH CAROLINA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>Defendant-Intervenors, | No. 5:16-cv-913 |

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE BRIEF *AMICUS CURIAE***

**INTRODUCTION**

      Proposed Amici Senator Daniel Blue Jr., Representative Verla Insko, Senator Floyd

McKissick Jr., Representative Mary Price Taylor Harrison, Representative Michael H. Wray,

Senator Angela R. Bryant, and Representative Susan C. Fisher ("proposed Amici") seek to

provide additional information and insight that could be useful for the Court in resolving the issues presented by the parties in this case. Plaintiff Francis X. DeLuca alleges in his complaint that the same-day registration process contemplated by N.C. Gen. Stat. § 163-82.6A fails to adequately fulfill the verification process required by N.C. Gen. Stat. § 163-82.7. As the legislators who sponsored and then passed N.C. Gen. Stat. § 163-82.6A, proposed Amici offer to the Court their unique knowledge regarding the legislative intent behind the statute in question.

The Fourth Circuit has stated that "legislative debates have been frequently deemed appropriate sources of information from which courts can ascertain the history of the period in which a statute was enacted and the concerns which the statute was intended to address, and thus cast light upon a statute's proper interpretation." *South Carolina Education Asso. v. Campbell*, 883 F.2d 1251, 1261 (4th Cir. 1989) (distinguishing between these appropriate sources of information and comments by individual legislators that are not otherwise supported by statutory language). The accompanying brief *amicus curiae* from the proposed Amici provides information to the Court regarding the concerns which N.C. Gen. Stat. § 163-82.6A was intended to address and the statute's general legislative history. Such institutional knowledge is not available from the parties in this case and could assist the Court in its analysis of the statute in question. Therefore, proposed Amici respectfully move for leave to file its brief *amicus curiae*.

## STATEMENT OF THE CASE

In 2007, proposed Amici were all members of the North Carolina General Assembly ("General Assembly"). Proposed Amici Senator Blue, Representative Insko, Representative Harrison, Representative Wray, Senator Bryant, and Representative Fisher co-sponsored House Bill 91 ("HB 91"), which was filed on February 7, 2007 in the North Carolina House and received on April 2, 2007 in the North Carolina Senate. *See* Declarations of proposed Amici; *see*

*also* 91. N.C. H.R. 2007. (N.C. 2007). House Bill 91 proposed the addition of N.C. Gen. Stat. § 163-82.6A to Article 7A of Chapter 163 of the North Carolina General Statutes, which would allow for in-person registration and voting at one-stop sites. *See Id.* On July 12, 2007, HB 91 was ratified by the General Assembly. *See Id.* On July 20, 2007, Session Law 2007-253 ("SL 2007-253") was passed, approving the addition of N.C. Gen. Stat. § 163-82.6A to Article 7A of Chapter 163 of the North Carolina General Statutes. *See* Exhibit A of Declarations of proposed Amici; *see also* 2007 N.C. Sess. Law 253.

On November 21, 2016, Plaintiff filed his complaint, alleging that the same-day registration process contemplated by N.C. Gen. Stat. § 163-82.6A violated the NVRA and deprived him of his right to equal protection. *See generally* Compl.; *see also generally* Dkt. 43. At the time that Plaintiff filed his complaint it had been thirteen days since the 2016 general election and over nine years since the passage of Session Law 2007-253. Plaintiff later filed a Motion for Preliminary Injunction on November 23, 2016. Dkt. 9.

The League of Women Voters of North Carolina, Common Cause North Carolina, North Carolina A. Philip Randolph Institute, Hugh Stohler, Sara Stohler, Kay Brandon, Anthony Mikhail Lobo, Anna Jaquays, and Michael T. Kuykendall moved to intervene as defendants on November 23, 2016. Dkt. 11. Their motion was granted in an Order issued on November 29, 2016. Dkt. 18. The North Carolina State Conference of the National Association for the Advancement of Colored People moved to intervene as defendants on November 29, 2016. Dkt. 21. Its motion was granted in an Order issued on November 30, 2016. Dkt. 33. All of the Defendants and Defendant-Intervenors in this action have communicated to proposed Amici that they do not object to the filing of the proposed brief *amicus curiae*. Proposed Amici now move for leave to file a brief *amicus curiae* in support of the Defendant-Intervenors.

3

## LEGAL STANDARD

The Eastern District of North Carolina does not promulgate any rule nor is there any statute that prescribes a procedure for obtaining leave to file a brief *amicus curiae* in a federal district court. However, as an amicus participates only for the benefit of the court, it is solely within the court's discretion to determine the fact, extent, and manner of participation by the amicus. *See Alexander v. Hall*, 64 F.R.D. 152, 155, (D.S.C. 1974) (citations omitted); *see also United States v. State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

## ARGUMENT

**I.  The Court should grant leave for proposed Amici to file its brief *amicus curiae* because the information offered by the proposed Amici may assist in a case of public interest, supplement the efforts of counsel, and draw the Court's attention to law that may otherwise escape consideration.**

The classic role of the amicus curiae is to assist in a case of general public interest, supplement the efforts of counsel, and draw the court's attention to law that may otherwise escape consideration. *See Alexander*, 64 F.R.D. at 155*; see also Miller-Wohl Co., Inc. v. Commissioner of Labor and Indus.*, 694 F.2d 203, 204 (9 Cir. 1982). Further, there is no requirement that an amicus be disinterested and case law has recognized amicus status as a means of providing limited adversary support of given issues through brief and/or oral argument. *See Funbus Systems, Inc. v. California Public Utilities Com.*, 801 F.2d 1120, 1125 (9th Cir. Cal. 1986) (citing *Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982)*; *see also United States v. City of Columbus*, 2000 U.S. Dist. LEXIS 23689 * (S.D. Ohio Nov. 20, 2000). In fact, "by nature of things an amicus is not normally impartial." *Bryant v. Better Business Bureau*, 923 F. Supp. 720, 728 (D. Md. 1996) (citations omitted).

Proposed amici fulfill the classic role of the amicus curia because: 1) the proposed brief *amicus curiae* assists in a case of public interest, as there is no greater and essential right of

4

citizenship than the right to vote and any decisions made regarding the registration of voters is of utmost importance to the general public; 2) the proposed brief supplements the efforts of counsel by offering certain institutional knowledge from the lawmakers who drafted and then passed the statute in question, such knowledge that is not available to the Plaintiff or the Defendants and Defendant-Intervenors; and 3) the proposed brief draws the Court's attention to law that may otherwise escape consideration by highlighting the legislative history and legislative intent behind the statute that is the central focus of this case.

> A. <u>The proposed brief assists in a case of public interest.</u>

There is no right that is more fundamental than the right to vote. The Supreme Court has stated that, "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). Any case that may potentially impact this most fundamental right is one of immense public interest.

It is, of course, wholly within the Court's discretion whether to allow the participation of the proposed Amici in this case. However, in a case that has the possibility of affecting so many voters, and in particular, voters whose ballots have already been cast in this most recent election, it is especially crucial for the Court to consider all of the information that it is offered. The brief proffered by the proposed Amici to the Court contains information that is available only to the proposed Amici and not to any of the parties. In fact, such information contained in the proposed brief is available to only the most limited pool of people- the lawmakers who drafted, debated, and then passed SL 2007-253.

5

The information offered by the proposed Amici may aid the Court in understanding more fully the statute in question.  "Permitting persons to appear… as friends of the court… may be advisable where third parties can contribute to the court's understanding." *Bryant*, 923 F. Supp. at 728 (quoting *Castille v. Harris*, 484 U.S. 947 (1987), *cert. denied sub nom.*)  The proposed brief describes the legislative intent behind N.C. Gen. Stat. § 163-82.6A and additionally, explains the significance of certain aspects of this statute as it was intended to relate to the requirements outlined in N.C. Gen. Stat. § 163-82.7.  Such an explanation is particularly necessary as Plaintiff asserts that the provisions of § 163-82.6A are not compatible with the requirements of § 163.82.7.  Proposed Amici urge the Court to consider this information as it can contribute to the Court's understanding of the purpose for enacting § 163.82.6A.

      B.     <u>The proposed brief supplements the efforts of counsel.</u>

As proposed Amici have earlier highlighted to the Court, the information offered in their brief is information that is not available to the other parties.  There are limited legislative debate and committee notes that are available for HB 91.  Thus, only those people who were present at the time of such events would have direct knowledge of what occurred.  Counsel for the various parties in this action do not have direct access to the institutional knowledge of the proposed Amici.

The primary issue in this case regards the effects of N.C. Gen. Stat. § 163-82.6A and the purported inability of § 163-82.6A to comply with § 163-82.7.  Proposed Amici can supplement efforts of counsel in this case by shedding light on the legislative intent behind § 163-82.6A and the concerns that the statute was intended to address.  Furthermore, the proposed brief clarifies certain aspects of § 163-82.6A and § 163-82.7 that are seemingly unclear to Plaintiff's counsel.

It is well established by case law that legislative history can aid in the interpretation of a statute's language and effect. *See Department of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 99 F. Supp. 2d 1123, 1135 (E.D. Cal. 2000) (citing *Landgraf v. Usi Film. Prods.* 511 U.S. at 249, 263 (1994)). Statements by legislators, when consistent with the statutory language and other legislative history, provide evidence of legislative intent. *See Id.* (quoting *Brock v. Pierce County*, 476 U.S. 253, 263 (1986)). Proposed Amici are able to provide clear answers regarding the interpretation of N.C. Gen. Stat. §§ 163-82.6A and 163-82.7 in a manner that is impossible to obtain from any other party in this case. Such information can supplement the efforts of counsel in interpreting and analyzing the statutes in this case.

      C.    <u>The proposed brief draws the Court's attention to law that may otherwise escape consideration.</u>

Proposed Amici feel compelled to seek for leave to file a brief *amicus curiae* because they fear that in the absence of this action, certain crucial information will not be available to the Court. Plaintiff bases his arguments in his Complaint on what he implies is an inconsistency between N.C. Gen. Stat. §§ 163-82.6A and 163-82.7. *See generally* Compl; *see also generally* Dkt. 43. In doing so, he essentially implies that the drafters of § 163-82.6A were not cognizant of the purported inability of § 163-82.6A to comply with the requirements set out in § 163-82.7. *Id.* Plaintiff focuses much of his complaint on select subsections of § 163-82.7 but does not delve much into § 163-82.6A. Proposed Amici fears that if the Court does not permit proposed Amici to file their brief *amicus curiae*, then the Court will not receive a full and thorough analysis of the North Carolina statutes.

It is likely that the parties will focus much of their arguments on the constitutional considerations. While these are certainly significant, it is equally important for the Court to consider the North Carolina law that is the central focus of this case. Proposed Amici want to

7

ensure that Plaintiff does not present to the Court an incomplete analysis of N.C. Gen. Stat. §§ 163-82.6A and 163-82.7.

   II.   **The Court should grant leave for proposed Amici to file their brief *amicus curiae* because the proffered information is timely, useful, and necessary to the administration of justice.**

In considering whether to permit parties to file *amicus curiae* the Court can consider certain factors. Factors that may be relevant to the determination of amicus status include whether or not the proffered information "is timely, useful, or otherwise necessary to the administration of justice." *See City of Columbus*, 2000 U.S. Dist. LEXIS 23689, (quoting *United States v. State of Michigan*, 940 F.2d at 143, 164 (6th Cir. 1991)); *see also Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). Under circumstances where proposed amici have shown to the court that their motion for leave to participate as *amici curiae* are meritorious, courts have granted their motions. *See Id.*

Proposed amici's motion for leave to file their brief *amici curiae* is meritorious because: 1) they have filed their motion in a timely manner that would not prejudice any of the parties to thus action or unduly delay the matter; 2) the proffered information is useful in that it can provide to the Court the lawmakers' perspective regarding the statutes in question; and 3) granting leave for filing their brief is necessary for the administration of justice as only proposed Amici are able to explain the legislative intent behind N.C. Gen. Stat. §§ 163-82.6A and can clarify any incorrect interpretation of the statute.

   A.   The proffered information is timely.

Because Plaintiff seeks a preliminary injunction, this matter inevitably moves at a much quicker pace than normal litigation. However, despite this drastically shortened timeline, proposed Amici still submit their proposed brief *amici curiae* simultaneously with briefs

8

submitted by Defendant-Intervenors and in advance of the scheduled hearing. Moreover, proposed Amici have in fact sought and received permission from Plaintiff's counsel to submit their proposed brief *amici curiae* on or before the agreed upon deadline for the Defendant-Intervenors to submit their briefs.

Where amici have submitted their tendered briefs for consideration in conjunction with the parties and where grant of leave to participate will not materially delay the resolution of the matter, courts have concluded that grant of leave was appropriate. *See Id.* In this instance, it is virtually impossible for any party to assert that proposed Amici have delayed in moving for leave to file *amici curiae*. Proposed Amici have proffered their brief *amici curiae* in conjunction with other parties, and have worked in cooperation with Plaintiff's counsel to ensure that Plaintiff would not object to this timeline. Additionally, granting leave for proposed Amici to file their brief would not delay the resolution of this matter. The parties will have time to review the proposed brief in advance of the scheduled hearing and the parties are aware both of the fact that proposed Amici intend to move to file their brief *amici curiae* and the time at which proposed Amici intend to do so. Thus, such an action by proposed Amici will not surprise any of the parties nor will it deprive any party of the opportunity to review and if necessary, prepare a response. Finally, proposed Amici proffer their brief to the Court several days before the scheduled hearing. While proposed Amici understand that the Court is undoubtedly inundated with the motions and briefs of the parties, they believe that the Court can and should take a few moments to review the unique perspective offered by the proposed Amici in their brief *amicus curiae*.

9

B. The proffered information is useful.

As the proposed Amici have reiterated several times throughout this Memorandum, the proffered information contained in their brief is information that is only available from the proposed Amici. As the legislators who are responsible for the addition of N.C. Gen. Stat. §§ 163-82.6A to Chapter 163, there is no better source regarding the legislative history and intent. "[A]n explanation provided by one of the legislation's sponsors during floor debate 'deserves to be accorded substantial weight in interpreting the statute.'" *Department of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 99 F. Supp. 2d 1123, 1136 (E.D. Cal. 2000) (quoting *Federal Energy Administration v. Algonquin SNG, Inc*., 426 U.S. 548, 564 (1976)) (finding that when there was no committee, House, or Senate floor debate available and the legislative history was exceedingly sparse, statements by a legislation's sponsor were given greater weight than they might have been otherwise).

The proposed Amici again stress that this case concerns the most fundamental of rights in this country and there is no greater right than the right to vote. *See Wesberry*, 376 U.S. at 17. The Court has before it a case that has the potential to impact this most fundamental right of citizenship. Proposed Amici respect that the Court has the discretion to permit their participation in this matter, however, it would be remiss for the Court not to consider all of the proffered information when making a decision that may impact such a significant right. In making its decision, the Court must inevitably engage in an analysis of N.C. Gen. Stat. §§ 163-82.6A and 163-82.7. The Supreme Court has stated that "[i]f a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect." *See Funbus Systems*, 801 F.2d at 1126 (quoting *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837, 843 n. 9 (1984)). The Court now has

10

before it the proposed Amici, the legislators responsible for N.C. Gen. Stat. § 163-82.6A. Proposed Amici assert, as the legislators themselves, that they had an intention regarding the same-day registration issues that are the heart of this matter. Proposed Amici do not offer to the Court extraneous or superfluous information. Rather, proposed Amici proffer a brief that serves the purpose of assisting the Court in the legal analysis of N.C. Gen. Stat. §§ 163-82.6A and 163-82.7. Such information is wholly different than that being offered by the parties, but is essential for the question at issue.

        C.   <u>The proffered information is necessary to the administration of justice.</u>

Proposed Amici fear that without the accurate representation regarding the legislative intent behind N.C. Gen. Stat. § 163-82.6A that is contained within their brief *amicus curiae*, the Court will be presented with only a one-sided and biased interpretation. "The purpose of amicus status is to 'provide impartial information on matters of law about which there [is] doubt, especially in matters where there is public interest.'" *City of Columbus*, 2000 U.S. Dist. LEXIS 23689 (quoting *Miller-Wohl Co.*, 694 F.2d 203 at 204). Though proposed Amici proffer their brief in support of Defendant-Intervenors, proposed Amici maintain that the information that they offer is unbiased. Their proposed brief *amicus curiae* seeks only to provide to the Court relevant legislative history and intent that may be useful for the interpretation of N.C. Gen. Stat. §§ 163-82.6A and 163-82.7.

Plaintiff's claims appear to be based on what proposed Amici perceives to be an inaccurate understanding of the above statutes. *See generally* Compl; *see also generally* Dkt. 43. In fact, the central premise of Plaintiff's case is based on a mistaken interpretation of N.C. Gen. Stat. § 163-82.6A and Plaintiff can only prevail on his claims if his interpretation of said statute is found to be correct. Proposed Amici, the legislators who drafted, debated, and passed what

11

became § 163-82.6A, are concerned that in the absence of their proposed brief *amicus curiae* the true meaning of this statute will be obscured. "[W]here the congressional intent is clear, it governs." *Landgraf,* 511 U.S. at 263 (quoting *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837 (1990)). Proposed Amici do not argue in their brief *amicus curiae* that there is some hidden meaning behind § 163-82.6, but rather, explain how the statutory language is an embodiment of their intent. For the Court to rely solely on Plaintiff's representation of the statute in question would be to risk the most fundamental right to vote without a thorough and complete analysis of the statute in question. Such an action would be immensely unfair to those voters who voted in reliance on the same-day registration process outlined in § 163-82.6A.

## CONCLUSION

The Court should grant leave to file brief *amicus curiae*.

Respectfully submitted this the 5th day of December, 2016.

         WALLACE & NORDAN, L.L.P.

         /s/ John R. Wallace
         John R. Wallace
         N.C. Bar No. 7374
         Post Office Box 12065
         Raleigh, North Carolina 27605
         (919) 782-9322 – telephone
         (919) 782-8113 – facsimile

         *Attorney for Proposed Amici*

## **CERTIFICATE OF SERVICE**

  I certify that on this day I filed the foregoing Motion to Intervene as Defendants with the clerk's office via the CM/ECF system, which will send notification of filing to the following counsel of record:

Karl S. Bowers, Jr.
P.O. Box 50549
Columbia, SC 29250
Telephone: 803-260-4124
butch@butchbowers.com

Joshua Brian Howard
Gammon, Howard & Zeszotarski PLLC
115 ½ West Morgan Street
Raleigh, NC 27601
Telephone: 919-521-5878
jhoward@ghz-law.com

Alexander M. Peters
James Bernier
Office of the Attorney General
P.O. Box 629
Raleigh, NC 27602
Telephone: 919-716-6913
apeters@ncdoj.gov
jbernier@ncdoj.gov

Joshua Lawson
Katelyn Love
General Counsel
North Carolina State Board of Elections
441 N. Harrington St.
Raleigh, NC 27603
Telephone: 919-715-9194
joshua.lawson@ncsbe.gov

Anita S. Earls
Allison J. Riggs
Emily E. Seawell
Southern Coalition for Social Justice
1415 W. Highway 54, Suite 101
Durham, NC 27707
Phone: 919-323-3380
Facsimile: 919-323-3942

Caitlin Anne Swain-McSurely
400 W. Main Street, Suite 203
Durham, NC 27701

Irving L. Joyner
P.O. Box 374
Cary, NC 27512
Telephone: (919) 319-8353
Fax: (919) 530-6339
Email: ijoyner@nccu.edu

Martha A. Geer
COHEN MILSTEIN SELLERS & TOLL PLLC
150 Fayetteville St., Suite 980
Raleigh, NC 27601
Telephone: (919) 890-0560
Facsimile: (919) 890-0567
Email: mgeer@cohenmilstein.com

Penda D. Hair
Leah J. Kang
FORWARD JUSTICE
1401 New York Avenue, Suite 1225
Washington, DC 20005
Telephone: (202) 256-1976

  This the 5th day of December, 2016.

             /s/ John R. Wallace
             John R. Wallace

             *Attorney for Proposed Amici*