STATE OF NORTH CAROLINA
WAKE COUNTY

BEFORE THE STATE BOARD OF ELECTIONS

| | |
|---|---|
| IN THE MATTER OF: CONSIDERATION OF ) <br> CERTAIN LEGAL QUESTIONS AFFECTING ) <br> THE AUTHENTICATION OF THE 2016 ) <br> GENERAL ELECTION ) | **ORDER** |

THIS MATTER CAME BEFORE THE STATE BOARD OF ELECTIONS ("State Board") during a public meeting held November 22, 2016, upon the State Board's own motion to consider certain legal questions affecting procedures and practices in the authentication of the 2016 general election. The State Board received briefing and heard oral argument from the Republican Party of North Carolina and Pat McCrory Committee, represented by Roger Knight, John Branch, and Brian LiVecchi; the North Carolina Democratic Party and Cooper for North Carolina Committee, represented by Kevin Hamilton (appearing *pro hac vice*); and the Southern Coalition for Social Justice, represented by Allison Riggs. After hearing from the parties, reviewing written briefs and public comment, and having reviewed relevant statutes and authorities, the State Board hereby orders the following pursuant to its authority under G.S. §§ 163-22(a) and 182.12:

1. The uniform application of law is necessary to ensure fundamental fairness in the administration of elections and to preserve due process for each voter.

2. Article 8 of Chapter 163 of the General Statutes ("Article 8") provides the means by which one voter may challenge the eligibility of another voter. No voter challenge may be entered after the deadline or made indiscriminately. A timely challenge properly sustained against a voter who has cast an absentee ballot will result in the exclusion of that ballot from the canvassed results.

3. Article 15A of Chapter 163 of the General Statutes ("Article 15A") provides the means by which a voter may protest an election. A successful protest must prove the occurrence of an outcome-determinative violation of election law, irregularity, or misconduct. If a county board of elections ("county board") finds a violation occurred affecting votes sufficient in number to change the outcome of a single-county contest, the county board must retrieve the ballots improperly cast and note the deduction in the abstract. If a county board finds a violation occurred that did not affect enough ballots to change the outcome of any single-county contest, the county board must forward its findings to the State Board. The State Board shall determine whether all ballots improperly cast are sufficient to change the outcome of any multi-county contest. If so, the State Board will order county boards to retrieve and discount affected ballots and revise its canvass.

4. A protest alleging the occurrence of an election law violation that affected votes sufficient in number to change the outcome of a single-county contest concerns the manner in which votes were counted or tabulated, and therefore such protest must be resolved prior to county canvass as required by G.S. § 163-182.10(a)(2). A protest that does not allege an election law violation regarding a sufficient number of votes to change the outcome of a single-county contest shall not delay the county canvass procedures since the county may not retrieve and discount such ballots. In no case shall the county board delay the timely hearing and decision on a protest timely filed.

5. A protest of election brought under Article 15A may not merely dispute the eligibility of a voter. Such a claim must be brought timely as a challenge under Article 8. Rather, a protest of election may include claims regarding the eligibility of certain voters only as evidence that an outcome-determinative violation of election law, irregularity, or misconduct has occurred.

6. The county board of elections shall dismiss a protest of election that merely disputes the eligibility of a voter. The county board shall instead consider the claim as a voter challenge brought under Article 8 after the election.

7. No county board may retrieve and discount a ballot cast by an unqualified voter unless a challenge was timely brought under Article 8, or the State Board or a county board has found that ineligible voters participated in numbers sufficient to change the outcome of the election. The latter finding may be based on a protest timely brought under Article 15A or pursuant to complaint or directive of the State Board under G.S. §§ 163-22(a) and 182.12.

8. County boards of election must preserve the due process rights of all voters, including adequate notice and a meaningful opportunity to be heard. If a protest brought under Article 15A includes claims regarding the eligibility of certain voters, the county board must provide notice of the protest reasonably calculated to apprise such voters of the pendency of the protest and afford them an opportunity to present their objections. Due process in the context of time-sensitive post-election protests may mean that county boards expedite notice mailings or reach out to affected voters by other means not ordinarily required under Article 8. At a minimum, county boards must provide written notice to affected voters by expedited delivery service, such that notice is received at least three days ahead of any such hearing.

9. If any county board of elections has retrieved and discounted any ballot in a manner inconsistent with this Order in its canvass of the 2016 general election, the county board shall amend its canvass to include the vote. No such re-canvass shall reset any statutory deadline otherwise associated with the canvass of votes.

10. Counties shall proceed to the canvassing of the 2016 general election consistent with this Order, which shall govern future elections unless otherwise directed by this Board.

This the twenty-eighth day of November, 2016.

_____
A. Grant Whitney, Jr., Chair
State Board of Elections